OPINION OF THE COURT
Harold J. Hughes, J.
The motion of the plaintiff for summary judgment against the defendant in the amount of $30,000, with interest at the contract rate from April 15, 1990, and an attorney’s fee of $1,105, together with the costs and disbursements of the action, will be granted.
This is an action by a physician to recover upon a promissory note. The defendant borrowed the money to start a business. The defendant failed to repay the loan resulting in this action. The note provides: "In the event of default, all legal and professional expenses, including E.P. Franks’ time away from patient care, pertaining to collection of the loan will be paid by G. Kelsy”.
In addition to recovering the amount of the loan with *551 interest and attorney’s fees, the plaintiff requests $3,166.66 representing the income he alleges he lost as a result of time expended in attempting to collect the loan. He calculates his loss at the rate of $500 per hour, which he charges for his services as a physician.
In the court’s view, the above clause constitutes a penalty, and an attempt to recover litigation expense that contravenes public policy. Ordinarily, the expenses of litigation are not a recoverable item in a lawsuit (36 NY Jur 2d, Damages, § 91). Public policy favors utilization of the courts to resolve disputes. The clause thwarts that policy. It is in the nature of an in terrorem clause threatening the debtor that if payment is not made, a sum far in excess of the amount of the loan will be recoverable by the party making the loan. If such a clause were upheld it could well find its way into many contracts of adhesion that make up today’s marketplace to the detriment of the general public. For that reason, the request by the plaintiff to recover his time spent in collecting this debt is denied.